THE P. C. C. AND ST. L. R. R. CO. v. PATRICK McLAUGHLIN.

1. ACTION AGAINST A RAILROAD COMPANY FOR EMPLOYING A MINOR WITHOUT THE FATHER'S CONSENT.

In an action brought by the father of a minor son who had been employed as a brakeman by a railroad and who received an injury in the course of his employment, on the ground that the company had acted negligently in employing such minor without the consent of the father: *Held*, that it was error for the court to refuse to charge the jury in substance that if plaintiff did tell the company's agent not to employ his son as brakeman, without saying anything about his age except that he was a minor, and further that defendant did so employ him while a minor, he, plaintiff, cannot recover if defendant did believe that he was of age when they employed him, and also had good reason to believe that he had obtained his majority from his appearance, conduct and statements.

2. CHARGE AS TO WHETHER THE SON HAD REACHED HIS MAJORITY.

It was also error for the court to refuse to charge the jury, that, "In any aspect of the case, the defendant was not required as matter of law to inquire of plaintiff whether his son had reached his majority."

3. THE COMPANY IS NOT DEEMED NEGLIGENT IN HIRING SUCH MINOR, WHEN.

If the officer of a railroad company, who happens to hire a minor, in good faith believed at the time of hiring and had reasonable ground to believe from the size, appearance, conduct and statements of such minor that he was then of full age, the company cannot be deemed to have been negligent in hiring such minor.

HEARD ON ERROR.

SMITH, J.

On the trial of this case the defendant company asked the court to charge the jury, that, "If you find that the plaintiff did tell Coneys, (who was the officer of the company who employed the son of the plaintiff) in 1891, not to employ his son as brakeman, without saying anything about his age, except that he was a minor, and further that defendant did so employ him while a minor, he, plaintiff, cannot recover, if the defendant did believe that he was of age when it employed him, and also had good reason to believe that he had attained his majority from his appearance, conduct and statements." The court refused to give this charge and the defendant excepted.

The action was brought by the plaintiff, the father of the minor son, who had been employed as a brakeman by the defendant, and who as such had received an injury in the course of his employment, on the ground that the company had acted negligently in employing a minor, without the consent of the father, to transact dangerous business.

There was evidence submitted which tended to show all of the facts assumed in the charge, viz.: That in 1891, the plaintiff had asked the company, to discharge from its employment as a brakeman his said son, as he was a minor, and made no other statements as to his age, and that in April. 1893, the defendant company again employed him as a brakeman, he being still a minor and about 20 years of age, he having for some time before engaged with said company as a freight handler, with

the knowledge of, and without any objections from his father, and that when he was so employed as a freight handler, he had filed a written application for employment with Coneys, the agent, in which he represented that he was 21 years of age June 3, 1892. That when he was employed as a brakeman by Coneys, in April, 1893, the latter believed from his statement, appearance, conduct and size that he was of age, that his general make-up, his size and his appearance led him to believe that he was over 21 years of age.

We are of the opinion that the charge as asked was correct and should have been given to the jury in the language asked or in substance, but it was not done. The fact that in 1891, a year and a half before this last employment by the son, the plaintiff had simply informed the agent of the company that his son was *then* a minor, should not be held to be notice to the company, that he was not of age in April 1893. In the natural course of events, if the son lived he would become of age. And the question for the consideration of the jury was, whether the defendant company was negligent in employing him in 1893. If the officer of the company at that time in good faith believed, and had reasonable ground to believe from the size, appearance, conduct and statement of the son, that he was then of full age, it would seem that this would be the exercise of reasonable care and the company could not be deemed to have been negligent. As has been said there was no charge equivalent to that asked. The instructions of the court on this point were to the effect that the company or its agents should have used reasonable care to ascertain the age of the son, without in any way defining what such care was.

The defendant's counsel also asked the court to give this special charge to the jury, which was refused, and exceptions taken.

"In any aspect of the case, the defendant was not required *as matter of law*, to inquire of plaintiff whether his son had reached his majority."

It seems to us that this charge also should have been given. It was the duty of the defendant company towards this plaintiff, to use reasonable care to ascertain the age of the son, before putting him into a dangerous position or occupation. But we know of no principle of law, or any adjudication of a court which goes so far as to make it essential and necessary that inquiry should be made of the father as to the age of the son. It is manifest that a very high degree of care as to this might have been shown without any such inquiry of the father. The refusal of the court to give this charge was in effect a holding that such inquiry was essential to prove reasonable care on the part of the company.

For these reasons, the judgment of the court of common pleas will be reversed and a new trial awarded.

*Ramsey, Maxwell & Ramsey*, Attorneys for the Railroad Company.
*Peck & Phaffer*, Attorneys for McLaughlin.